IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr61-MHT |
| JOY DEANNE THOMAS | ) | (WO) |

OPINION AND ORDER

Defendant Joy Deanne Thomas's trial is currently set for January 5, 2009. On December 19, 2008, the government filed a motion to continue. Pursuant to this court's order to show cause, Thomas filed a response in opposition to the government's motion on December 29, 2008. For the reasons discussed below, the government's motion will be denied.

The court has wide discretion in ruling on motions to continue. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) ("The granting of continuances is left to the sound discretion of the trial judge, and [the] decision will not be set aside on appeal absent a showing of a clear abuse of that discretion."). The government

correctly notes, however, that this court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. In considering a motion to continue, the court is thus to consider a number of factors. See United States v. Williams, 314 F.3d 552, 556 n.2 (11th Cir. 2002) (quoting 18 U.S.C. § 3161(h)(7)(B)).

The government first argues that a continuance is warranted so that Thomas can be tried with her co-defendants. The court recognizes the government's strong general interest in trying co-defendants together. Cf. United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999) ("[B]ecause of the well-settled principle that it is preferred that persons who are charged together should also be tried together, particularly in conspiracy cases, the denial of a motion for severance will be reversed only for an abuse of discretion."). The government claims that Thomas's co-defendants are currently being detained outside the country and are awaiting the completion of proceedings that "should" result in their

extradition "in the very near future." Doc. No. 311 at 2.[*]

However, as Thomas points out, the government offers no assurance when (or, with any certainty, <u>if</u>) the co-defendants will actually be extradited. Moreover, the government has been aware of this situation for some time, given that the superseding indictment and the arrest of the co-defendants both occurred several months

---

[*] The court notes that it might be within its discretion to grant a motion to continue on these grounds alone. The statute excludes: "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(2)(6); <u>see also</u> <u>United States v. Murray</u>, 154 Fed. Appx. 740, 746 n.8 (11th Cir. 2005) (holding that there was no violation of the statute where the district court granted a lengthy continuance of over two years because co-defendant fought extradition to the United States); <u>cf.</u> <u>Henderson v. United States</u>, 476 U.S. 321, 322 n.2 (1986) (noting that co-defendants usually adopt the time of the latest co-defendant for Speedy Trial purposes). However, that the opposite ruling would not be an abuse of discretion says nothing about whether, given the particular circumstances of this case, the court has the discretion to deny a motion to continue. Indeed, the very goal of granting district judges wide discretion in these matters is to ensure that cases before them are resolved in a timely, efficient, and just manner.

prior to the government's motion to continue. Indeed, the government waited until December 19--five and one half business days before trial--to move for a continuance. Such tardiness is unfair to Thomas, who expected to go to trial on January 5 and has prepared for trial on that date.

It is clear that the government's strong general interest in trying co-defendants together is subject to this court's broad discretion, when considering a motion to continue, to balance the interests of justice in each individual case. As a result, the government argues that the interests of justice support a continuance, even at this late hour. First the government notes that the case is complex, and that it would be a waste of resources to try the defendants separately. Second, the government claims that a continuance would allow the parties to continue "already extensive" plea discussions.

Thomas makes a number of arguments in response, including that she is 7 ½ months pregnant. Delaying her

trial briefly would likely mean that she could not effectively participate in her defense, and a longer delay obviously implicates other important interests associated with delaying criminal proceedings against any defendant. Thomas also argues that she is only mentioned in two counts of the indictment. Thus, the trial might actually be much less complicated if Thomas were tried separately. Thomas also argues that separate trials may reduce the chances of prejudice resulting from the actions of other defendants and reduce the likelihood of jury confusion given the complexity of the counts with which the other defendants are charged.

In accordance with the factors listed in Williams and in § 3161(h)(7)(B), the court should first note that neither party asserts that a failure to continue would likely make a later trial impossible or result in a miscarriage of justice. Moreover, neither party argues that anything about the case makes them unable adequately to be prepared by January 5. Moreover, the court notes

that Thomas, in strongly opposing the motion to continue, has significantly undermined the government's argument that it would be in the interests of justice for both parties to have more time to negotiate.  Indeed, Thomas certainly has an interest in not having the trial hang over her head.

The court cannot, before trial and without more information and expertise, presume to referee the dispute between Thomas and the government over whether the trial would be more or less confusing, prejudicial, or wasteful if tried separately or together.  The court does note, however, that the government's casual assertion of these arguments concerning the interests of justice in a few sentences is not significant enough to warrant a <u>perhaps indefinite</u> continuance close to the eve of trial--a continuance opposed strongly by Thomas.  This is particularly true here because, even though Thomas is now charged in a superseding indictment, this larger, multiple-defendant case involving the same allegedly

6

criminal scheme has been before this court for some time. At least two other defendants in the case--each of whom is listed as a co-conspirator in Thomas's indictment--have already had separate jury trials in this court. Thus, it does not appear as if other defendants in this larger case are necessarily being tried together. The government unsuccessfully attempted a similar last-minute continuance in those proceedings relying on similar arguments. The history of this case suggests, however, that trying the defendants individually has not posed any particular problems for the government, and the court once again notes that the history of this case suggests that any hypothetical trial of Thomas and her co-defendants is unlikely to take place in the near future.

    Because Thomas is prepared for trial and eager to commence trial on the date first set in October by court order, and because the government has not offered convincing arguments concerning the need for a continuance, this court finds that the interests of

justice weigh in favor of conducting the trial, as planned, on January 5.

+++

Accordingly, it is ORDERED that the government's motion to continue trial (Doc. No. 311) is denied.

DONE, this the 30th day of December, 2008.


    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**